UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE ASPARTAME ANTITRUST
LITIGATION

MASTER DOCKET NO.
2:06-CV-1732

THIS DOCUMENT RELATES TO:
ALL ACTIONS

---

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS

Defendants Ajinomoto Co., Inc., Ajinomoto Sweeteners Europe S.A.S. (formerly Ajinomoto Euro-Aspartame S.A.), Ajinomoto Switzerland A.G., Ajinomoto U.S.A., Inc., Ajinomoto Food Ingredients LLC, The NutraSweet Company, Holland Sweetener Company V.O.F., and Holland Sweetener North America, Inc. (collectively, "Defendants") submit this memorandum of law in further support of their motion to dismiss the Consolidated Amended Class Action Complaint (the "Complaint") under Fed. R. Civ. P. 12(b)(6) and 9(b) to the extent the Complaint seeks relief based on alleged conduct that occurred before April 25, 2002 ("Defendants' Joint Motion").

Defendants did not, and could not, reasonably anticipate that Plaintiffs would base their opposition to Defendants' Joint Motion on erroneous pleading standards that are contrary to the well-established law of this Court. Plaintiffs' opposition brief claims that fraudulent concealment allegations are subject to the notice pleading standard of Fed. R. Civ. P. 8(a)(2)

rather than the heightened pleading requirement of Rule 9(b). (Pls.' Opp. Br. 4-5.) Plaintiffs alternatively argue that, even if Rule 9(b) applies, it is "relaxed" in the context of antitrust conspiracy cases. (Pls.' Opp. Br. 8-10.) These arguments cannot be squared with the law in this Circuit.

Defendants file this reply (i) to confirm that, in this jurisdiction (and in almost every other jurisdiction), Rule 9(b) governs Plaintiffs' allegations of fraudulent concealment and therefore, such allegations must be pleaded with particularity, and (ii) to show that Plaintiffs' lack of diligence in bringing their case is not excused by any claimed "relaxed" application of Rule 9(b) in antitrust cases. Under the correct legal standard, the Complaint's six relevant paragraphs fail to plead fraudulent concealment with the particularity that Rule 9(b) requires, and, therefore, cannot toll the applicable four-year limitations period. As a result, Plaintiffs' claims for damages incurred before April 25, 2002 should be dismissed.

## ARGUMENT

### I. FEDERAL RULE OF CIVIL PROCEDURE 9(B) APPLIES TO PLAINTIFFS' FRAUDULENT CONCEALMENT ALLEGATIONS

In order to avoid the shortcomings of their Complaint, Plaintiffs misread *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380 (3d Cir. 1994), and assert that they need not plead fraudulent concealment with the particularity that Rule 9(b) requires. (Pls.' Opp. Br. 4-5.) But Third Circuit precedent and the unbroken line of cases in the Eastern District of Pennsylvania say otherwise. This Court should therefore reject Plaintiffs' efforts to evade the Rule 9(b) pleading requirements for fraudulent concealment allegations.

### A. Binding Precedent Requires That Fraudulent Concealment Be Pleaded With Particularity Under Rule 9(b)

Applicable Third Circuit precedent holds that fraudulent concealment allegations must satisfy the heightened pleading requirements of Rule 9(b). *E.g., Davis v. Grusemeyer*, 996 F.2d 617, 624 (3d Cir. 1993) ("As plaintiff allows, his fraudulent concealment claim – which is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) -- was not pled with sufficient particularity in the complaint.") (internal citation omitted); *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("We agree, of course, that fraud, and thus fraudulent concealment, must be pleaded with particularity.").[1]

Courts in this district have consistently applied this pleading standard, including as recently as July of this year. *E.g., In re Bath & Kitchen Fixtures Antitrust Litig.*, No. 05-510, 2006 U.S. Dist. LEXIS 49576, at *23-24 (E.D. Pa. Jul. 19, 2006) (fraudulent concealment allegations are subject to Rule 9(b)); *In re Auto. Refinishing Paint Antitrust Litig.*, 2:05-CV-0051, Slip Op. at 8 (E.D. Pa. May 16, 2006) ("Fraudulent concealment must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.");[2] *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 352 F. Supp. 2d 533, 543 (E.D. Pa. 2004) ("[P]laintiff's

---

[1] Indeed, the courts of appeals in every other circuit to have considered this issue also apply Rule 9(b) to allegations of fraudulent concealment. *E.g., J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996) ("[I]t is Appellants' burden under Federal Rule of Civil Procedure 9(b) to plead with particularity the facts giving rise to the fraudulent concealment claim"); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C. Cir. 1994) ("[A]llegations of fraudulent concealment, which toll the statute of limitations, must meet the requirements of Fed. R. Civ. P. 9(b)"); *Pitts v. Unarco Indus., Inc.*, 712 F.2d 276, 278-79 (7th Cir. 1983) ("[T]he allegations in Count IV are insufficient to charge defendants with fraudulent concealment. Rule 9(b) of the Federal Civil Rules requires that fraud be pleaded with particularity"); *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983) ("Appellants' generalized and conclusory allegations of fraudulent concealment do not satisfy the requirements of Fed. R. Civ. P. 9(b)."); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970-71 (5th Cir. 1981) ("[T]he complaint includes only conclusory allegations of fraudulent concealment as against Arthur Young and Raymond. Rule 9(b), Fed.R.Civ.P., requires that the elements of fraud be pleaded with particularity.").

[2] Plaintiffs curiously attach this case as Exhibit B to their Opposition. Although Plaintiffs seek to rely on it for a different proposition, this case unambiguously holds that fraudulent concealment must be pleaded with particularity under Rule 9(b).

3

attempt to allege fraudulent concealment falls short of what is required under federal ... law. *See* Fed. R. Civ. P. 9(b)."); *Fitch v. Radnor Indus., Ltd.*, No. 90-2084, 1990 U.S. Dist. LEXIS 13023, at *10-11 (E.D. Pa. Oct. 2, 1990) ("[T]he amended complaint ... fails to plead the acts necessary to support application of the doctrine of fraudulent concealment with the specificity required by Rule 9(b) ...."); *Alfaro v. E.F. Hutton & Co.*, 606 F. Supp. 1100, 1107 (E.D. Pa. 1985) ("It is well established that fraudulent concealment must be pleaded with specificity.").

### B. Plaintiffs Misinterpret The Third Circuit's Holding In *Oshiver*, Among Other Cases

Plaintiffs' opposition to Defendants' Joint Motion principally relies on the erroneous assertion that the Third Circuit in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994), "squarely held" that fraudulent concealment claims need only meet the "notice pleading threshold" of Rule 8(a)(2). (Pls.' Opp. Br. 4.) Plaintiffs' characterization of the holding in *Oshiver* is not correct. In fact, *Oshiver* neither explicitly nor implicitly discusses the Rule 8 or Rule 9 pleading standards. Rather, *Oshiver* focused on the Rule 12 standard in a motion to dismiss context, emphasizing that all facts alleged by the plaintiff must be accepted as true.[3]

Despite this posture, Plaintiffs make much of a single sentence in *Oshiver*, which states "all that was required of Oshiver at this stage was that she plead the applicability of the [equitable tolling] doctrine." *Oshiver*, 38 F.3d at 1391. Read in the context of the entire passage, however, this sentence states only an axiomatic principle–that a plaintiff seeking to invoke the doctrine of fraudulent concealment must plead the applicable elements of his or her claim and that those allegations must be accepted as true for purposes of a Rule 12(b)(6) motion. This does not

---

[3] The *Oshiver* opinion also relies almost exclusively on employment discrimination law and notes that its discussion of "equitable tolling" is limited to "the context of employment discrimination cases," specifically to "cases involving defendant employer deception." *Oshiver*, 38 F.3d at 1387, 1392.

4

mean that Rule 8 applies to fraudulent concealment claims; rather, it merely states the basic and distinct requirements of Rule 12(b)(6). *Oshiver* does not address the critical question at issue here – what level of specificity is required in pleading fraudulent concealment – notice pleading under Rule 8 or pleading with particularity under Rule 9. Plaintiffs cannot recast this silence into a definitive rule abrogating the Third Circuit's explicit statement, made just a few months before *Oshiver* was decided, that "fraudulent concealment . . . is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)" and must, therefore, be "pled with sufficient particularity . . . ." *Grusemeyer*, 996 F.2d at 624 (citing *Byrnes*, 741 F.2d at 626).

Quite tellingly, no court has cited *Oshiver* for the proposition that Plaintiffs assert here.[4] To the contrary, many post-*Oshiver* decisions in this district have applied Rule 9(b) to fraudulent concealment allegations.[5] If *Oshiver* "squarely held" fraudulent concealment need only meet the notice pleading threshold of Rule 8(a)(2), as Plaintiffs contend, then the district courts within the Third Circuit have disregarded its holding for the past twelve years.[6] Indeed, a court in

---

[4] Plaintiffs also mischaracterize *Hoppe v. SmithKline Beecham Corp.*, 437 F. Supp. 2d 331 (E.D. Pa. 2006) (Brody, J.), in their opposition brief. In *Hoppe*, the court did not reach the issue of the sufficiency of fraudulent concealment allegations, but, in a footnote, expressed dissatisfaction with the explanation historically offered by courts as to why Rule 9(b) should apply to fraudulent concealment. *Id.* at 338, n.5. *Hoppe* does not cite *Oshiver* even once. The *Hoppe* dictum is non-binding and in no way overrules or affects the many cases in which courts in the Third Circuit expressly state that fraudulent concealment is governed by Rule 9(b). *See supra* pp. 2-4.

[5] Since *Oshiver* was decided, at least twelve opinions from district courts within the Third Circuit – more than half of which are from the Eastern District of Pennsylvania – explicitly state that fraudulent concealment allegations must meet the requirements of Rule 9(b). *See supra* pp. 2-4; *see also In re Pressure Sensitive Labelstock Antitrust Litig.*, No. 03-1586, 2006 U.S. Dist. LEXIS 9827, at *12-13 (M.D. Pa. Jan. 3, 2006) ("[T]he purported examples of affirmative fraudulent concealment . . . lack the specificity required by Rule 9(b) ..."); *In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, No. 02-6030, 2004 U.S. Dist. LEXIS 29586, at *8 (D.N.J. Oct. 26, 2004) ("[F]raudulent concealment allegations must be pleaded with particularity under Federal Rule of Civil Procedure 9(b)."); *In re Fruehauf Trailer Corp.*, No. 99-477, 2000 U.S. Dist. LEXIS 8467, at *67 (D. Del. Jun. 2, 2000) ("Rule 9(b) does require particular pleading of fraudulent concealment as a tolling theory").

[6] The two other cases cited in this section of Plaintiffs' brief likewise fail to support Plaintiffs' proposition. For example, Plaintiffs selectively quote a footnote in *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 645 n.28 (3d Cir. 1989), but *In re Craftmatic* has nothing to do with fraudulent concealment. Rather, *In re Craftmatic* deals with the applicability of Rule 9(b) to securities fraud actions under Section 12(2) of the Securities Act. *Id.* Plaintiffs also erroneously cite to *Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000), which deals with fraudulent concealment, but

5

this district indicated just a few months ago that allegations of fraudulent concealment must meet the heightened pleading standard of Rule 9(b). *See In re Bath & Kitchen Fixtures Antitrust Litig.*, 2006 U.S. Dist. LEXIS 49576, at *23-24. This court should therefore reject Plaintiffs' efforts to evade long-standing Third Circuit and Eastern District of Pennsylvania precedent.

## II. THE RULE 9(B) STANDARD IS NOT "RELAXED" IN THE CONTEXT OF ANTITRUST CONSPIRACY CASES

### A. There Is No Support In This Circuit For Application Of A "Relaxed" Rule 9(b) Standard

Plaintiffs contend that, even if Rule 9(b) applies, their Complaint is sufficient because the Court should apply a "relaxed" 9(b) standard here. (Pls.' Opp. Br. 8-9.) However, courts in this jurisdiction apply the same standard to allegations of fraudulent concealment in the context of antitrust conspiracy cases as they do to other allegations of fraud. *See, e.g., In re Bath & Kitchen Fixtures Antitrust Litig.*, 2006 U.S. Dist. LEXIS 49576, at *23-27; *Fitch v. Radnor Indus., Ltd.*, No. 90-2084, 1990 U.S. Dist. LEXIS 13023, at *3-13 (E.D. Pa. Oct. 2, 1990).

Furthermore, even a cursory review of the cases that Plaintiffs rely upon confirms that they do not support Plaintiffs' position. For example, *In re Craftmatic Sec. Litig.*, 890 F.2d 628, is a securities fraud case that never mentions the antitrust laws. Although *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738 (1976), deals with antitrust, the case has nothing to do with fraudulent concealment or Rule 9(b). Rather, the issue in *Hosp. Bldg.* was whether the district court properly dismissed the plaintiff's complaint because the plaintiff had not alleged a sufficient

---

does not address and has nothing to do with the proper pleading standards in a Rule 12(b)(6) context. *Id.* at 486-89 (granting summary judgment on grounds that RICO claims were time barred and not tolled by the alleged fraudulent concealment).

nexus between the alleged violations of the Sherman Act and interstate commerce. *Id.* at 739. And *Hosp. Bldg.* does not articulate a relaxed 9(b) standard.

Similarly, although *Colorado v. Western Paving Constr. Co.*, 833 F.2d 867 (10th Cir. 1987), and *New York v. Henrickson*, 840 F.2d 1065 (2d Cir. 1988) address fraudulent concealment, they do not articulate a relaxed 9(b) standard. Quite to the contrary, *Western Paving* states that "[p]leading requirements for fraudulent concealment are very strict." *Western Paving*, 833 F.2d at 874-77. This also holds true for *Henrickson*, which does not articulate a relaxed standard.[7]

Lastly, Plaintiffs rely on *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019 (N.D. Miss. 1993), but *Catfish* says nothing of a relaxed Rule 9(b) standard. Although the court in *Catfish* held the specific complaint in that case to be sufficient, this was in light of the detailed allegations provided. As another Mississippi court has said "the *In re Catfish* case stated, contrary to plaintiff's assertions, a rather stringent requirement to exercise due diligence in the context of a specific claim of fraudulent concealment." *Russell v. Williford*, 907 So. 2d 362, 364-65 (Miss. Ct. App. 2004) (internal citations omitted). Accordingly, there is no support in this Circuit or in the case law Plaintiffs cite for the application of a "relaxed" Rule 9(b) standard.

### B. Plaintiffs' Allegations Of Fraudulent Concealment Would Be Insufficient Even If A "Relaxed" Rule 9(b) Standard Were Recognized In This Jurisdiction

Even if a "relaxed" Rule 9(b) pleading standard were recognized in this jurisdiction, Plaintiffs' allegations of fraudulent concealment would still be insufficient and,

---

[7] In stark contrast to the case here, *Henrickson* included the following evidence of fraudulent concealment: removal of books and documents that reflected defendants' participation in the scheme and the extra profits thereby earned; burning and shredding of "telltale" documents; and an agreement among the co-defendants to give false testimony if called before a grand jury. *Henrickson*, 840 F.2d at 1084.

7

therefore, their Complaint should still be dismissed. Plaintiffs' argument is premised on the proposition that where the facts supporting a claim are uniquely within the defendants' control, a plaintiff's complaint will not be able to include detailed allegations about those facts. But where, as here, a complaint makes clear that, before the statute of limitations period, the plaintiff had access to, or knowledge of, facts that give rise to the claim, a claim of fraudulent concealment fails. *See, e.g., Masters v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2003 U.S. Dist. LEXIS 7143, *9-*10 (S.D. N.Y. Apr. 28, 2003); *Go Computer Inc. v. Microsoft Corp.*, 437 F. Supp. 2d 497, 500 (D. Md. 2006); *see also* Pls.' Opp. Br. at 15, n.12.

It is not sufficient for Plaintiffs simply to argue that the key facts are in Defendants' control. As the Third Circuit has explained: "plaintiffs must accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control." *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (quoting *In re Craftmatic*, 890 F.2d at 646).

Here, Plaintiffs' own Complaint belies their current contention that the facts giving rise to the alleged conspiracy were peculiarly within Defendants' knowledge and control. Plaintiffs knew about the "market allocation" facts from the 1990s that are the core of their Complaint, and they have not alleged that Defendants misled them about the supposed allocation. *Cf. Saporito v. Combustion Eng'r Inc.*, 843 F.2d 666, 675 (3d Cir. 1988) ("[T]here is no reason to believe that additional information is in the exclusive control of [defendant-appellee]. Hence, we hold that the appellants' allegations are insufficient to meet the particularity requirement of Rule 9(b)." (internal citations omitted)).

8

Plaintiffs offer no legitimate grounds for asserting that the information in this case was uniquely in the control of Defendants under these circumstances. Nor could they provide a factual basis for such assertions. Moreover, Plaintiffs' attempt to downplay and hide from their specific allegations of what they allege to be a long-running, publicly known market allocation agreement by labeling these allegations as "background" and "corporate history" rings hollow. (Pls. Opp. Br. 16, 23.) These allegations are not background. They form the core of Plaintiffs' purported market allocation claims. (*See, e.g.,* Compl. ¶ 93(h).) For the same reasons, these allegations, which describe an alleged conspiracy under which a competitor purportedly agreed not to sell aspartame into the United States, defeat Plaintiffs' assertion that they suffered from a self-concealing conspiracy that relieves them of Rule 9(b)'s pleading requirements.

Plaintiffs have not shown any diligence, let alone due diligence, in pursuing their claims. Plaintiffs have not pleaded any specifics about inquiries they made when faced with purported self-evident facts such as Ajinomoto's alleged failure to sell aspartame in the United States. *See Masters*, 2003 U.S. Dist. LEXIS 7143, *9-10 (holding models were on inquiry notice of a potential conspiracy because it was well known in the industry that all of the agencies charged a uniform, non-negotiable twenty percent commission).

## CONCLUSION

For the foregoing reasons and those stated in Defendants' opening brief, this Court should dismiss the Complaint to the extent that it seeks relief for damages before April 25, 2002.

Dated: October 12, 2006

*[signature]*
Andrew S. Marovitz
Britt M. Miller
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile

Richard L. Scheff
Lathrop B. Nelson, III
MONTGOMERY, MCCRACKEN, WALKER
  & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 – Facsimile

*Counsel for Defendants Holland Sweetener Company V.O.F. and Holland Sweetener North America, Inc.*

*[signature]*
David Marx, Jr.
MCDERMOTT WILL & EMERY, LLP
227 West Monroe Street, Suite 3100
Chicago, IL 60606
(312) 984-7668
(312) 984-7700 – Facsimile

George G. Gordon
Carolyn H. Feeney
DECHERT LLP
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103
(215) 994-2247
(215) 655-2247 – Facsimile

*Counsel for The NutraSweet Company*

Respectfully submitted,

*[signature]*
Michael R. Lazerwitz
Patricia M. McDermott
CLEARY GOTTLIEB STEEN
  & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 974-1500
(202) 974-1999 – Facsimile

*[signature]*
Validation of Signature Code JB1081
James M. Becker
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-1959
(215) 972-1820 - Facsimile

*Counsel for Defendants Ajinomoto Co., Inc., Ajinomoto Sweeteners Europe S.A.S. (formerly Ajinomoto Euro-Aspartame S.A.), Ajinomoto Switzerland A.G., Ajinomoto U.S.A., Inc., and Ajinomoto Food Ingredients LLC*

Jon B. Dubrow
MCDERMOTT WILL & EMERY, LLP
600 Thirteenth Street, N.W., 12th Floor
Washington, D.C. 20005
(202) 756-8122
(202) 756-8087 – Facsimile

10