UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ASPARTAME ANTITRUST LITIGATION | MASTER DOCKET NO. 2:06-CV-1732-LDD |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS HOLLAND SWEETENER COMPANY V.O.F. &
HOLLAND SWEETENER NORTH AMERICA, INC.'S
JOINT MOTION TO DISMISS**

Richard L. Scheff
Lathrop B. Nelson, III
MONTGOMERY, MCCRACKEN, WALKER
    & RHOADS, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA  19109-1029
(215) 772-1500

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600

Dated: October 12, 2006

## TABLE OF CONTENTS

Page

I. Introduction ........................................................................................................................ 1

II. Argument ........................................................................................................................... 3

    A. *Fuentes*, Coupled with the Myriad Other Cases Cited by Both Plaintiffs and the HS Defendants, Supports Dismissal of Plaintiffs' Claims ....................... 3

    B. The Facts Alleged by Plaintiffs Mandate the Dismissal of This Case .................. 8

        1. HSC's Election Not to Renew Its European Anti-Dumping Complaint Cannot Form the Basis for Plaintiffs' Conspiracy Claim ........ 8

        2. *Continental Ore* Does Not Save Plaintiffs' Facially Deficient Claims ................................................................................................................ 9

III. Conclusion ....................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Cases**

*Advanced Lifeline Servs., Inc. v. Northern Health Facilities, Inc.*,
No. Civ. A. 97-3757, 1997 WL 763024 (E.D. Pa. Dec. 9, 1997) .................................................. 10

*American Health Sys., Inc. v. Visiting Nurse Ass'n*, No. Civ. A. 93-542,
1994 WL 314313 (E.D. Pa. June 29, 1994) ...................................................................................... 5

*Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*,
459 U.S. 519 (1983) .......................................................................................................................... 8

*Automotive Refinishing Paint Antitrust Litig., In re*, MDL No. 1426, slip op.
(E.D. Pa. May 16, 2002) ................................................................................................................... 5

*Bath & Kitchen Fixtures Antitrust Litig., In re*, No. 05-CV-00510,
2006 WL 2038605 (E.D. Pa. July 19, 2006) ........................................................................... 1, 5, 6

*Biovail Corp. Int'l v. Hoechst AG*, 49 F. Supp. 2d 750 (D.N.J. 1999) ............................................ 5

*Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227 (3d Cir. 1941) ................................ 1, 3, 4, 7

*Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869 (3d Cir. 1995) ......................................................... 4

*Conley v. Gibson*, 355 U.S. 41 (1957) .............................................................................................. 6

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962) ............................. 9

*Copperweld Corp. v. Independence Tube Corp.*, 467 US. 752 (1984) ........................................... 3

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ....................................................................... 6

*Electric Carbon Prods. Antitrust Litig., In re*, 333 F. Supp. 2d 303, 310 (D.N.J. 2004) ............... 5

*Fuentes v. South Hills Cardiology*, 946 F.2d 196 (3d Cir. 1991) ........................................ *passim*

*Garshman v. Universal Resources Holding, Inc.*, 824 F.2d 223 (3d Cir. 1987) ............................ 3

*Hydrogen Peroxide Antitrust Litig., In re*, 401 F. Supp. 2d 451 (E.D. Pa. 2005) .......................... 5

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993) .......................................................................................................................... 4

*LePage's Inc. v. 3M*, No. Civ. A. 97-3983, 1997 WL 734005 (E.D. Pa. Nov. 14, 1997) .............. 5

*Linerboard Antitrust Litig., In re*, No. MDL 1261, 2000 WL 1475559 (E.D. Pa. Oct. 4, 2000) ... 4

Case 2:06-cv-01732-LDD   Document 47   Filed 10/12/2006   Page 4 of 14

## TABLE OF AUTHORITIES

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................. 10

*Mercedes-Benz Antitrust Litig., In re*, 157 F. Supp. 2d 355 (D.N.J. 2001) .................................. 5

*Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc.*, 835 F.2d 173 (3d Cir. 1988) ............... 1, 3, 4

*Plastic Additives Antitrust Litig., In re*, No. 03- 2038, Order (E.D. Pa. May 26, 2004) ............... 5

*Pressure Sensitive Labelstock Antitrust Litig., In re*, 356 F. Supp. 2d 484 (M.D. Pa. 2005) ......... 4

*SmithKline Beecham Corp. v. Apotex Corp.*, 383 F. Supp. 2d 686 (E.D. Pa. 2004) ..................... 9

*Swarthmore Radiation Oncology, Inc. v. Lapes*, 812 F. Supp. 517 (E.D. Pa. 1992) ..................... 5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .................................................................... 4

*Tower Air, Inc., In re*, 416 F.3d 229 (3d Cir. 2005) .................................................................... 6

**Statutes**

15 U.S.C. § 6a .............................................................................................................................. 8

**Rules**

Fed. R. Civ. P. 8(a) ............................................................................................................ *passim*

**Other Authorities**

Brief of the United States as Amicus Curiae Supporting Petitioners,
*Bell Atl. Corp. v. Twombly*, No. 05-1126 (U.S. Aug. 25, 2006) .................................................. 7

I.  **Introduction**

Plaintiffs' Response argues that (1) the Holland Sweetener Defendants (the "HS Defendants") rely upon the wrong pleading standard and that (2) plaintiffs' Complaint provides "sufficient specificity" of the HS Defendants' involvement in the alleged conspiracy. Pls. Resp. at 17, 19. Both of these claims are undermined by plaintiffs' own authority. First, although plaintiffs criticize the cases cited by the HS Defendants in setting forth the Third Circuit's pleading standard—*Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227 (3d Cir. 1941) and *Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc.*, 835 F.2d 173 (3d Cir. 1988)—these very cases are cited with *approval* in plaintiffs' standard-bearer case *Fuentes v. South Hills Cardiology*, 946 F.2d 196 (3d Cir. 1991), as defining the proper pleading standard in the Third Circuit. 946 F.2d at 201-02. Under that standard and as set forth in the HS Defendants' opening memorandum, plaintiffs' claims against the HS Defendants fail as a matter of law. *See, e.g.*, HS Defs. Mem. at 10-14.

Second, plaintiffs' attempt to distinguish Judge McLaughlin's recent decision in *In re Bath & Kitchen Fixtures Antitrust Litigation*, No. 05-CV-00510, 2006 WL 2038605 (E.D. Pa. July 19, 2006) similarly fails. Plaintiffs concede that the complaint in *Bath & Kitchen* was deficient as it contained only ambiguous, oft-rewritten paragraphs describing the defendants' alleged antitrust conduct, yet attempt to distinguish *Bath & Kitchen* from their Complaint, which they claim offers "specific[] ... evidence" of the HS Defendants' involvement in the conspiracy. Pls. Resp. at 22. But all Plaintiffs can present is a string cite of 13 Complaint paragraphs that purportedly contain this "evidence" without revealing the fact that, with the exception of paragraph 57, the cited paragraphs never even mention the HS Defendants. *Id.*

As demonstrated in the HS Defendants' opening brief (at 17-20), this single paragraph, which recounts HSC's decision not to renew its European anti-dumping claim against the other

defendants and which plaintiffs suggest "links" the HS Defendants to any alleged conspiracy, cannot, as a matter of law, give rise to a claim under U.S. antitrust laws. Indeed, Plaintiffs completely overlook *their own allegation* of NutraSweet Co. and Ajinomoto's construction of a new Aspartame plant in Gravelines, France (Comp. ¶ 61), which rendered impossible any renewed anti-dumping claim: the creation of substantial new capacity and production by the purported dumper in the same region in which dumping is alleged mooted any anti-dumping claim. *See* HS Defs. Mem. at 18. Taking plaintiffs' allegation as true (as the Court must), and reading the Complaint as a whole (as plaintiffs emphasize (at 23)), any "link" of the HS Defendants to the alleged conspiracy disappears. Plaintiffs are left with nothing to bind the HS defendants to the alleged conspiracy or to this litigation.

The remainder of plaintiffs' Response does nothing to cure the defects of plaintiffs' Complaint. Plaintiffs' numerous string citations to various Complaint paragraphs, which they say demonstrate that the HS Defendants were "perpetrator[s], and not … victim[s], of the alleged conspiracy" (Pls. Resp. at 22), are a red herring. Those cited paragraphs reveal nothing about the HS Defendants' alleged conduct, and stand in contrast with the litany of specific, factual allegations that the HS Defendants quoted (at 21-22), verbatim, from the Complaint—*from both before and after the alleged class period*—which undermine any allegation of a conspiracy.

Finally, plaintiffs have failed to present any authority involving a situation parallel to the instant case, where a plaintiffs' generalized, conclusory conspiracy claims are contradicted by the actual facts pled in their Complaint. Plaintiffs have <u>not</u> simply pled too little; they have affirmatively pled themselves out of court. As the HS Defendants demonstrated in their opening brief, plaintiffs' Complaint, full of generalized, boilerplate claims of a conspiracy, tells a much

2

different story in its enumeration of the "facts" underlying its claims. Those facts—when taken as true—make clear that the HS Defendants competed vigorously throughout the relevant period.

In short, the weakness of plaintiffs' claims against the HS Defendants (and the corresponding weakness of their Response) is evident in the cursory manner in which they address (and in many instances fail to address) the specific points made in the HS Defendants' opening brief. Despite all of plaintiffs' protestations to the contrary, the Complaint simply is devoid of any sufficiently specific allegations to link either HSC or HSNA[1] to the alleged conspiracy and thus necessarily fails as a matter of law. The Complaint should be dismissed.

## II. ARGUMENT

### A. *Fuentes*, Coupled with the Myriad Other Cases Cited by Both Plaintiffs and the HS Defendants, Supports Dismissal of Plaintiffs' Claims.

It is not enough, as plaintiffs claim, to plead merely a "conspiracy's participants, purpose, and motive." Pls. Resp. at 17 (citing *Fuentes v. South Hills Cardiology*, 946 F.2d 196, 202 (3d Cir. 1991)). *Fuentes* makes clear that the very cases plaintiffs label (at 19-22) as outdated and inapposite—*Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227 (3d Cir. 1941) and *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988)—remain the standard in this Circuit for pleading a Sherman Act Section 1 claim under Fed. R. Civ. P. 8(a). *See* 946 F.2d at 201-02. Under that standard (as detailed in the HS Defendants' opening brief (at 14-23)), "[a] general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action . . . [;] plaintiffs must plead the facts constituting the conspiracy, its object and accomplishment." *Id.* (quoting *Black & Yates*, 129 F.2d at 231-32); *see also Garshman v. Universal Resources Holding, Inc.*, 824 F.2d

---

[1] As noted in their opening brief (at 17), HSNA is only identified in **one** paragraph of the Complaint—the one identifying it as a defendant. Plaintiffs' Response does not address this point at all, other than to simply lump together the actions of both HS Defendants. HSNA should be dismissed immediately. *See, e.g., Copperweld Corp. v. Independence Tube Corp.*, 467 US. 752, 777 (1984).

3

223, 230 (3d Cir. 1987) (holding that vague allegations of an antitrust violation will not support a Section 1 claim); *PepsiCo*, 836 F.2d at 181 (affirming dismissal of complaint which failed to "allege any meetings between [the defendants], any communications between them, or any other means by which their alleged conspiracy came about").[2] Plaintiffs here plead no such facts.

Plaintiffs' other attempts to distinguish the HS Defendants' precedent also fail. First, plaintiffs' authority actually undermines their argument that they need only a rote resuscitation of "conspiracy," as plaintiffs' cited cases considered complaints that provided significantly more detail than that provided by plaintiffs against the HS Defendants, and none considered a complaint where, as here, the allegations show that the moving defendants engaged in pro-competitive conduct and ultimately were alleged victims of the purported conspiracy. For example, the *Fuentes* court considered a Section 1 claim filed by a physician against his former colleagues, their professional group, and hospital alleging that the defendants had conspired to terminate the physician's staff privileges at the hospital. The complaint set forth detailed allegations regarding each defendant's relationship with the plaintiff, each defendant's role in the one-week conspiracy, and the actions that constituted the conspiracy. 946 F.2d at 201. Applying the standards set forth by *Black & Yates* and *PepsiCo*, the court determined that these detailed

---

[2] In their efforts to undermine *Black & Yates* and its progeny, plaintiffs also cite *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (Pls. Resp. at 17, 20), and reference their earlier argument (at 2-3) that there is no heightened pleading standard for antitrust cases. Irrespective of the fact that neither case considers pleading standards for antitrust claims, this argument misses the mark. The HS Defendants are not seeking application of a heightened pleading standard, merely that of the well-established pleading tenets of Fed. R. Civ. P. 8(a). *See* HS Defs. Mem. at 10-14. As plaintiffs' own cases illustrate, Rule 8(a) requires a level of specificity and detail sorely lacking in the subject Complaint. *See, e.g., Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869, 874-76 (3d Cir. 1995) (applying *Fuentes*' requirement of specificity to determine whether plaintiff adequately pled involvement of interstate commerce and antitrust injury); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 356 F. Supp. 2d 484, 491-92 (M.D. Pa. 2005) (applying *Fuentes* and finding detailed allegations regarding the market and defendants' incentives sufficient); *In re Linerboard Antitrust Litig.*, No. MDL 1261, 2000 WL 1475559, at *3 (E.D. Pa. Oct. 4, 2000) (applying *Fuentes* and finding sufficient a complaint that alleges that one conspirator had invited its competitors to join in a coordinated price increase, defendants participated in seven coordinated price increases, and the other defendants "accepted [the] 'invitation' to restrict the production of linerboard and artificially raise prices"); *see also* Pls. Resp. at 17-19.

4

allegations were sufficient to satisfy Fed. R. Civ. P. 8(a). *Id.* at 201-02. In *In re Hydrogen Peroxide Antitrust Litigation*, 401 F. Supp. 2d 451, 456 (E.D. Pa. 2005), the court applied *Fuentes* and found sufficient allegations that prices increased on specific dates after industry meetings and even identified each of the defendants' executives who participated in these industry meetings. *Id.* at 456 n.3. Similarly, the complaints in the remaining cases cited by plaintiffs are likewise detail-rich and serve only to highlight the lack of necessary detail in this Complaint. *See, e.g., In re Electric Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 310, 316 (D.N.J. 2004) (applying *Fuentes* and finding a "detail-rich" complaint sufficient to withstand a motion to dismiss); *In re Automotive Refinishing Paint Antitrust Litig.*, MDL No. 1426, slip op. at 3-4 (E.D. Pa. May 16, 2002) (finding detailed allegations that linked meetings in Europe among defendants with price increases sufficient); *Swarthmore Radiation Oncology, Inc. v. Lapes*, 812 F. Supp. 517, 520 (E.D. Pa. 1992) (finding allegations that "are more specific than the *Fuentes* allegations" sufficient).[3]

Second, nothing in any of the case law cited by plaintiffs abrogates Judge McLaughlin's decision in *In re Bath & Kitchen Fixtures Antitrust Litigation*, No. 05-CV-00510, 2006 WL 2038605 (E.D. Pa. July 19, 2006). Plaintiffs' attempt to distinguish the decision is unavailing. As the *Bath & Kitchen* court made clear, "an antitrust plaintiff must provide the defendants some minimal factual background regarding how any alleged conspiracy was formed." *Id.* at *5.

---

[3] *See also In re Mercedes-Benz Antitrust Litig.*, 157 F. Supp. 2d 355, 362 (D.N.J. 2001) (detailed allegations in the complaint "sufficiently outline[d] the illegal agreement" and supported an inference that each alleged conspirator had a "conscious commitment to a common scheme designed to achieve an unlawful objective") (quotation omitted); *Biovail Corp. Int'l v. Hoechst AG*, 49 F. Supp. 2d 750, 777 (D.N.J. 1999) (considering whether plaintiff adequately alleged "knowing participation in the wrongdoing"); *LePage's Inc. v. 3M*, No. Civ. A. 97-3983, 1997 WL 734005, at *6-*7 (E.D. Pa. Nov. 14, 1997) (complaint necessarily "provide[d] some detail" as to the defendant's alleged actions, conspiratorial interactions with others, and effects of the conspiracy); *American Health Sys., Inc. v. Visiting Nurse Ass'n*, No. Civ. A. 93-542, 1994 WL 314313, at *2, *11, *12 (E.D. Pa. June 29, 1994) (citing *PepsiCo* and *Fuentes* and finding sufficient allegations setting forth specific details about a conspiracy to monopolize the home healthcare industry, payment of kickbacks, and concealment of the conspiracy). Plaintiffs also cite *In re Plastic Additives Antitrust Litigation*, No. 03-2038, Order (E.D. Pa. May 26, 2004) and attached the order. However, no written opinion is available to determine the basis on which the court denied the motion.

Where, as here, "the complaint is devoid of even a minimal factual background that gives the defendants fair notice of the grounds upon which that claim is based," the complaint must be dismissed. *Id.* at 3. Plaintiffs do not quibble with the *Bath & Kitchen* court's reasoning or its conclusion, but instead try (unsuccessfully) to distinguish the case on its facts. Pls. Resp. at 22. Pointing to the court's criticism of plaintiffs for "devot[ing] only two paragraphs to describing the antirust violations that the defendants allegedly committed, and merely stat[ing] that the defendants conspired to fix prices," plaintiffs here summarily pronounce their Complaint "different" because it contains several paragraphs describing the defendants' alleged conspiratorial conduct. *Id.* Yet only *one* of the 22 total paragraphs cited by plaintiffs in their response refers to the HS Defendants.[4] *Compare* Compl. ¶¶ 66-70, 84-97, 99-101 with ¶ 57. And, as noted, that one allegation is not even actionable under the U.S. antitrust laws. *See infra* at 8. If Judge McLauglin was right in dismissing the *Bath & Kitchen* plaintiffs' complaint because of its "vague allegations of a Section 1 violation"—and plaintiffs here do not dispute that she was—then this Complaint must also be dismissed. *See* HS Defs. Mem. at 13-16.

Finally, numerous decisions since "*Leatherman, Swierkiewicz, Fuentes*, and their progeny" (Pls. Resp. at 20) evidence that Rule 8(a) requires, at a minimum, that plaintiffs allege "supporting facts . . . necessary to provide the defendant fair notice of the plaintiff's claim and the 'grounds upon which it rests.'" *In re Tower Air, Inc.*, 416 F.3d 229, 237 (3d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (a complaint must provide "a reasonably founded hope" that discovery will reveal relevant evidence in order to prevent the filing of "largely groundless claim[s] to simply

---

[4] And, Plaintiffs cannot point to their off-the-shelf, generalized allegations against unnamed defendants to save their claim, in light of the fact that these allegations are completely undermined by the Complaint's repeated citation to HSC's vigorous, procompetitive conduct in the marketplace. *See infra*, Section II(B). Nor does Plaintiffs' reference to Complaint paragraphs 48-54 and 58—which they claim evidence defendants' wrongful conduct—do them any good, as they address purported conduct that occurred *before* the alleged class period.

6

take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value") (internal quotation marks omitted). Moreover, in the context of antitrust claims, the *U.S. Department of Justice* has explained that Rule 8(a) requires a complaint to allege "a sufficient factual predicate to provide meaningful notice to the defendant and to demonstrate a reasonable basis for inferring that the alleged conduct may be wrongful." Brief of the United States as Amicus Curiae Supporting Petitioners, *Bell Atl. Corp. v. Twombly*, No. 05-1126 (U.S. Aug. 25, 2006), 2006 WL 2482696, at *6 (cert. granted, 126 S. Ct. 2965 (June 26, 2006)) ("DOJ Brief"). Under this standard, "a conclusory assertion of a conspiracy or agreement" does not sufficiently allege a Section 1 Sherman Act claim. *Id.* at *7-*8. Although plaintiffs try to diminish the significance of the DOJ's position in *Twombly* (*see* Pls. Resp. at 20 n.16), they cannot credibly discount the importance (and persuasiveness) of the opinion of the governmental entity charged with the "responsibility for enforcing the federal antitrust laws." DOJ Brief at *1.

\* \* \* \* \* \*

Plaintiffs' accusation that defendants rely on the wrong pleading standard is incorrect and their attempts to distinguish relevant precedent are ineffective. The standard set forth in *Black & Yates*—and applied by *Fuentes* and numerous other courts since— remains good law: a plaintiff cannot maintain a Sherman Act Section 1 claim without alleging adequate facts to support it. Were it otherwise, cases like this one—comprised of nothing more than generalized, lumped-together conspiracy allegations—would unnecessarily clog the courts for years and render impotent the Supreme Court's ruling that a district court necessarily "retain[s] the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to

7

proceed," *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983).

**B.  The Facts Alleged by Plaintiffs Mandate the Dismissal of This Case.**

    **1.  HSC's Election Not to Renew Its European Anti-Dumping Complaint Cannot Form the Basis for Plaintiffs' Conspiracy Claim.**

Plaintiffs try to gloss over the deficiencies in their Complaint by emphasizing the only allegation that references supposed anticompetitive conduct by HSC during the alleged class period—HSC's decision not to renew its *European* anti-dumping claim against certain co-defendants years after the original filing. Compl. ¶ 57. As explained in the HS Defendants' opening brief (at 17-20), this fact alone cannot save plaintiffs' *U.S.* claims against the HS Defendants, and plaintiffs' attempts to argue otherwise necessarily fail. First, while plaintiffs correctly note that in certain limited circumstances conduct abroad can support an antitrust claim under U.S. law, they do not allege (nor can they) that HSC's decision to decline to renew its European anti-dumping claim had any effect on U.S. commerce, much less a "direct, substantial, and reasonably foreseeable effect" that "gives rise to a claim" as is required under the FTAIA. *See* 15 U.S.C. § 6a. Second, plaintiffs completely ignore *their own allegation* that, during the pendency of HSC's anti-dumping suit, NutraSweet Co. and Ajinomoto built a new French production plant, thereby ceasing to be exporters of Aspartame to Europe and rendering HSC's tariff request moot. Compl. ¶ 61; *see also* HS Defs. Mem. at 18. In short, plaintiffs do not suggest (nor can they) that HSC's decision to decline to renew a claim with no legal merit is evidence of predatory conduct.[5]

---

[5] Plaintiffs' Response advances for the first time their so-called "carrot and stick" theory in an attempt to link the HS Defendants to the alleged conspiracy. Pls. Resp. at 22-23. But plaintiffs' Complaint contains no such allegations (*see* HS Defs. Mem. at 16-17), which is not surprising because plaintiffs could not legitimately plead such allegations in their Complaint consistent with Federal Rule of Civil Procedure 11, given the change to the HS Defendants' marketplace status by the end of this year.

### 2. *Continental Ore* Does Not Save Plaintiffs' Facially Deficient Claims.

In an effort to stave off dismissal, plaintiffs accuse the HS Defendants of "myopically" focusing on the Complaint's early allegations in contravention of the Supreme Court's admonition that the "character ... of a conspiracy" be judged "by looking at it as a whole." Pls. Resp. at 23 (quoting *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962)). This argument too fails, for while it is true that *Continental Ore* teaches that a complaint's allegations should not be read in isolation, it does not excuse plaintiffs from their pleading obligations. *See SmithKline Beecham Corp. v. Apotex Corp.*, 383 F. Supp. 2d 686, 701 (E.D. Pa. 2004) (*Continental Ore* does not excuse plaintiffs from "adequately alleging" each defendant's participation in the conspiracy).

In moving to dismiss plaintiffs' Complaint, the HS Defendants cited numerous paragraphs in the Complaint, including allegations before and during the alleged class period, that demonstrate that the HS Defendants were victims and not perpetrators of the alleged conspiracy. *See* HS Defs. Mem. at 21-22. Indeed, contrary to plaintiffs' before-and-after argument, the only *affirmative* act alleged against "Holland Sweetener" during the class period is a 1992 announcement of its *entry* into "the U.S. Aspartame market" (Compl. ¶ 60), a highly procompetitive fact. Plaintiffs cite to nothing in response, arguing, yet again, that HSC's decision *not to act* to renew its European anti-dumping complaint is but one thread in a much larger conspiratorial tapestry, and that "[a]rguments regarding the inferences to be drawn from alleged facts and justifications ... are not appropriately considered on a motion to dismiss." Pls. Resp. at 23. But it is not the HS Defendants who are asking that an inference be drawn in their favor. Rather, plaintiffs are asking that this Court infer, from one, non-actionable event, that the HS Defendants somehow participated in an alleged conspiracy the aim of which—according to plaintiffs' own allegations—was to drive the HS Defendants out of the marketplace. *See* HS

9

Defs. Mem. at 21-23. Under *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), such an incredible claim cannot stand. *See id.* at 587 ("if the factual context renders respondents' claim implausible ... [they] must come forward with more persuasive evidence to support their claim than would otherwise be necessary").

### III.   CONCLUSION

Plaintiffs have alleged no facts that tie the HS Defendants to the alleged conspiracy. Instead, the Complaint makes clear that the HS Defendants engaged in pro-competitive conduct and were victims of the alleged conspiracy. Plaintiffs should not be permitted to abuse lenient pleading rules, and unfairly "forc[e] a defendant to conduct discovery to defend a meritless [Section 1] claim" resting on "mere conclusory allegations." *Advanced Lifeline Servs., Inc. v. Northern Health Facilities, Inc.*, No. Civ. A. 97-3757, 1997 WL 763024, at *8 (E.D. Pa. Dec. 9, 1997). Plaintiffs' Complaint against the HS Defendants should be dismissed with prejudice.

Respectfully submitted,

Holland Sweetener Company V.O.F. &
Holland Sweetener North America, Inc.

Dated: October 12, 2006      By:      /s/   Britt M. Miller
                                      One of Their Attorneys

Richard L. Scheff                    Andrew S. Marovitz
Lathrop B. Nelson, III               Britt M. Miller
MONTGOMERY, MCCRACKEN, WALKER        Dana S. Douglas
  & RHOADS, LLP                      MAYER, BROWN, ROWE & MAW LLP
123 South Broad Street               71 South Wacker Drive
Avenue of the Arts                   Chicago, IL  60606-4637
Philadelphia, PA  19109-1029         (312) 782-0600
(215) 772-1500

13333868