**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE: ASPARTAME ANTITRUST
LITIGATION

_____

THIS DOCUMENT RELATES TO
ALL ACTIONS

_____

No. 2:06-CV-1732 (LDD)

Hon. Legrome D. Davis

**DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS'
MOTION FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF MOTIONS**

Defendants Ajinomoto Co., Inc., Ajinomoto Sweeteners Europe S.A.S. (formerly
Ajinomoto Euro-Aspartame S.A.), Ajinomoto Switzerland A.G., Ajinomoto U.S.A., Inc.,
Ajinomoto Food Ingredients LLC, The NutraSweet Company, Holland Sweetener Company
V.O.F., and Holland Sweetener North America, Inc. (collectively "Defendants") hereby oppose
the Direct Purchaser Plaintiffs' Motion for Stay of Proceedings Pending Disposition of Motions
(the "Motion") filed by Nog, Inc. and Sorbee International Ltd. (collectively "Plaintiffs") on
August 25, 2008.

**<u>INTRODUCTION</u>**

In its August 11, 2008 Order (Docket No. 178, the "Dismissal Order"), this Court granted
Defendants' Motion for Summary Judgment and dismissed this action, finding that the statute of
limitations had run on Plaintiffs' claims and that Plaintiffs were unable to establish the requisite
elements of fraudulent concealment. That same day, the Court entered judgment in Defendants'
favor and directed the Clerk of the Court to close the matter for statistical purposes. *See* Order,
dated August 11, 2008 (Docket No. 179) ("Judgment"). Two weeks later, Plaintiffs filed their

Motion for Reconsideration or in the Alternative to Alter or Amend Judgment (Docket No. 181) ("Reconsideration Motion") along with the present Motion.

While acknowledging that judgment has been entered and the case closed, Plaintiffs nonetheless seek an order, pursuant to Fed. R. Civ. P. 23(f) and 62, "staying all proceedings in this matter" pending their motion for reconsideration and any subsequent appeal. *See* Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Stay of Proceedings Pending Disposition of Motions, filed August 25, 2008 (Docket No. 180) ("Mem."); *see also* Reconsideration Motion, at 1 ("Plaintiffs respectfully move the Court to reconsider, or in the alternative, to alter or amend the judgment *that was entered* ….") (emphasis added). Yet nowhere have Plaintiffs identified—in either the present Motion or their Reconsideration Motion—what there is left in the action to stay. That is because there is nothing. Plaintiffs cite no precedent (and we are unaware of any) that would allow this Court to grant their request. Plaintiffs' Motion should be denied.

## ARGUMENT

On August 11, 2008, this case was dismissed. The Court explained that "because all the claims set forth by the remaining class representatives, Nog and Sorbee, have been dismissed, 'the entire action must be dismissed.'" Dismissal Order (citation omitted). With that dismissal and the contemporaneous entry of judgment in Defendants' favor, there ceased to be any live controversy for this Court to resolve or to stay. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (when the controversy before the court fails to be "live" the federal court loses jurisdiction to decide substantive matters); *see also Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) (cited in the Dismissal Order at 16) ("[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required."); *Advent Electronics, Inc. v. Buckman*, 112 F.3d 267, 273 (7th Cir. 1997) ("The entry of a Rule 58

judgment … is evidence that the district court is done with the case, making its decision final and therefore appealable.") (citations omitted).   At that point, this Court's authority was limited to those motions and matters which are traditionally reserved for decision after the entry of judgment—motions for reconsideration, motions for costs and attorneys fees, motions to stay the enforcement of monetary judgments, and the like.[1]   *See, e.g.*, Fed. R. App. P. 4(A) (listing the types of permissible post-judgment motions); Fed. R. Civ. P. 54 (permitting the taxation of costs following judgment). 28 U.S.C. § 1920 (permitting the taxation of certain costs after entry of judgment).

Plaintiffs nowhere acknowledge this reality, instead claiming that Fed. R. Civ. P. 23(f) and 62 and a series of cases authorizing the stay of live proceedings pending the interlocutory appeal of class certification decisions permit the Court to issue the requested stay.  That is simply not the case.  As demonstrated below, neither Rule 23(f) nor Rule 62 is applicable in the post-judgment context, and Plaintiffs' case citations provide no authority for the relief requested. Similarly, despite their professed concern about the resumption of the statute of limitations, Plaintiffs provide no legal or equitable grounds for this Court to stay proceedings that have been terminated.

### A.      Rule 23(f) and the Cases Cited by Plaintiffs are Inapposite.

Noticeably absent from Plaintiffs' brief is citation to *any* case in which a court has stayed "proceedings" *after* judgment has been entered, as Plaintiffs seek here.  And Defendants are unaware of any such precedent.  Instead, Plaintiffs try to fit a square peg into a round hole by

---

[1]        It is important to note that this Court did not specifically retain jurisdiction to hear the type of motion presented by Plaintiffs.  *See Drayton v. Kyler*, 235 Fed. Appx. 917, 919 (3d Cir. 1997) (concluding that the court lacked subject matter jurisdiction "in light of its order of dismissal, which failed to specifically retain jurisdiction to enforce the settlement"); *United States v. Swor*, 139 F.R.D. 100, 101 (E.D. Mich. 1991) ("The order of dismissal does not provide a basis for inferring a reservation of jurisdiction in order to resolve potential disputes.…   Thus …the Court cannot assert jurisdiction over Swor's motion.").

arguing that the text of Fed. R. Civ. P. 23(f) and two cases that authorize a stay of proceedings after the denial of *class certification* are applicable here.  *See* Mem. at 2-3 (citing Fed. R. Civ. P. 23(f)), *Monahan v. City of Wilmington*, 00 Civ. 505 (JJF), 2004 U.S. Dist. LEXIS 1322 (D. Del. Jan. 30, 2004), and *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 98 CV 1492, 2000 U.S. Dist. LEXIS 13910 (E.D.N.Y. Sept. 26, 2000)).  Plaintiffs are mistaken.

As an initial matter, Plaintiffs' reliance on Rule 23(f) is completely misplaced.   Rule 23(f) states:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered.  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f).  But Plaintiffs are not seeking to stay on-going "proceedings" pending an interlocutory appeal of a ruling on class certification—they never even filed a petition for such relief.[2]  This is not surprising as this Court did not deny Plaintiffs' certification motion on its merits.  Rather, the Court denied certification because the remaining Plaintiffs' claims had all been dismissed on summary judgment.  *See* Order, dated August 12, 2008, at 2 (Docket No. 177) ("Class Certification Order") ("[B]ecause the claims of the Plaintiffs have been dismissed prior to this Court's certification of a class and because there remains no claims or named representative in this matter, Direct Purchaser Plaintiff's Motion for Class Certification is denied.").

Moreover, in both of Plaintiffs' cited cases, and in stark contrast to the present situation, there was a controversy before the court that could be stayed: although class certification had been denied, the individual named plaintiffs remained active litigants in the case and sought a

---

[2]     Plaintiffs' assertion in a footnote that if summary judgment is vacated they will "renew their motion for class certification," Mem. at n.1, is not sufficient to invoke the stay provision of Rule 23(f).

stay of proceedings pending their interlocutory appeal of the class certification denial.  *See Monahan*, 2004 U.S. Dist. LEXIS 1322, at *1; *Nat'l Asbestos*, 2000 U.S. Dist. LEXIS 13910, at *1.  Both courts granted the requested stays under Federal Rule of Civil Procedure 23(f), which specifically grants district courts the discretion to stay proceedings pending an interlocutory appeal of a certification decision.  *Monahan*, 2004 U.S. Dist. LEXIS 1322, at *6-7; *Nat'l Asbestos*, 2000 U.S. Dist. LEXIS 13910, at *8.  Absent the requested stays, those cases would have proceeded on a non-class basis, as the courts' jurisdiction over the named parties would have been unaffected by their respective class certification decisions.  In other words, there were "proceedings" that could be stayed.  As noted above, that is just not the case here, where the case has been dismissed and judgment has been entered.

In short, the stay provision of Rule 23(f) governing potential *interlocutory* appeals of class certification decisions and the cases applying it are irrelevant to the present case.  Plaintiffs' Motion should be denied.

### B.    Rule 62 is Similarly Inapplicable.

Plaintiffs' sole reference to Fed. R. Civ. P. 62 comes in the opening footnote of their brief.  *See* Mem. at n.1 ("Plaintiffs' motion to stay is made pursuant to Fed. R. Civ. P. 23(f) and 62.").  But Plaintiffs nowhere try to explain how Rule 62, which by its terms relates solely to a stay of proceedings to "Enforce a Judgment," is applicable in this case.  It is not.

Defendants can only assume, in light of Plaintiffs' Reconsideration Motion, that Plaintiffs are attempting to invoke Rule 62(b)(3), which allows the Court, in its discretion, to "stay the execution of a judgment—or any proceedings to enforce it—pending disposition of … [a] motion[] … under Rule 59, for a new trial or to alter or amend a judgment."  Fed. R. Civ. P. 62(b)(3).  But Rule 62 "does not govern stays in proceedings other than to enforce a judgment."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND

PROCEDURE § 2901 (2d. ed. 1987).  Here, "since the case was dismissed, there is no judgment to be enforced," and the request for a stay should be denied.  *Lusick v. Kullar*, No. 3:CV-05-1274, 2007 WL 1490696, at *2 (M.D. Pa. May 21, 2007) (denying a stay under 62(b) where no monetary judgment had issued); *see also Smith v. Dell*, No. 06-2496-B/V, 2007 WL 3232037, at *1 (W.D. Tenn. Oct. 31, 2007) ("Fed. R. Civ. P. 62(b), concerning stays of proceedings to enforce judgments, is inapplicable here as no judgment for monetary or injunctive relief has issued."); *Smith v. Dobbs Bros. Mazda*, Case No. 06-2422-B/V, 2007 WL 4480664, at *1 (W.D. Tenn. Dec. 17, 2007) (same).

### C.    There Are No Equitable Reasons to Stay the Proceedings.

Lacking a factual or legal basis for the relief they seek, Plaintiffs resort to an equitable claim, arguing that staying "the proceedings" will "save the Court's time, prevent the multiplication of filings," and protect the rights of "plaintiffs who have little time left in their limitations period."  Mem. at 1, 3.[3]  But judicial efficiency, although a laudable and worthy goal, does not provide this Court with the requisite authority to decide the Motion.  Plaintiffs' professed concern about absent putative class members similarly provides no basis for the requested stay.  The dismissal of their claims, denial of class certification, and entry of judgment mean that Plaintiffs represent no one but themselves.  Plaintiffs have cited no authority to the contrary[4] and, again, Defendants are unaware of any.

---

[3]    Plaintiffs' alleged fears that failure to stay proceedings will result in "a rush to file cases by absent class members" are baseless.  Plaintiffs' Memo at 1.  This suit was originally filed on behalf of five putative class members.  Three of the original five voluntarily dismissed their actions.  Plaintiffs have given this Court no reason to believe that there are hundreds—or even dozens—of remaining putative class members relying on the current action to adequately represent their claims against Defendants.  Moreover, Plaintiffs' desire to discourage other putative class members from filing independent actions and, thereby, to maintain control over the direction of this litigation is not a justifiable reason to stay the District Court proceedings.

[4]    The few cases Plaintiffs do cite make clear (albeit in the inapplicable Rule 23(f) context) that a stay is not warranted here.  In *Nat'l Asbestos,* for example, the court ruled that the purpose of permitting a district court to grant a Rule 23(f) stay, and thereby toll the limitations period for other putative class members, is "to encourage the putative class members to continue to rely on the [current] action's tolling until the court of appeals has spoken"

A Court may, in its discretion, issue stays to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But here, there are no "proceedings" for this Court to stay, there is no "cause" on its docket to control. Indeed, as the case has been dismissed, granting Plaintiffs' Motion would only increase this Court's docket, not decrease it. "The case is dismissed, and it [should] remain[] dismissed." *Smith,* 2007 WL 4480664, at *1.

## CONCLUSION

Plaintiffs' claims have been dismissed and judgment has been entered in Defendants' favor. The case file has been closed. Plaintiffs have offered neither a description of what "proceedings" there are left for this Court to stay, nor a legal basis on which this Court may do so. This Court should deny Plaintiffs' Motion in its entirety.

---

and, thereby, to avoid multitudinous filings. *Nat'l Asbestos*, 2000 U.S. Dist. LEXIS 13910, at *1. But it went on to rule that courts should only encourage reliance on the tolling by the current action so long as that reliance is reasonable. *Id.*; *see also Monahan,* 2004 U.S. Dist. LEXIS 1322, at *7 (citing *Nat'l Asbestos* in finding that "Rule 23(f) provides a reasonable basis for putative class plaintiffs to continue to rely upon a filed class action to redress their individual claims pending an appeal of a denial of class certification."). Here, not only has this Court not "encouraged" continued reliance on the previous tolling of the statute of limitations, it has flatly *discouraged* it: the judgment "does not implicate the rights of any putative unnamed class members." *See* Judgment, at 1.

Dated: September 11, 2008

Respectfully submitted,

 /s/   Britt M. Miller

| | |
|---|---|
| Richard L. Scheff | Andrew S. Marovitz |
| Lathrop B. Nelson, III | Britt M. Miller |
| MONTGOMERY, MCCRACKEN, WALKER | MAYER BROWN LLP |
| & RHOADS LLP | 71 South Wacker Drive |
| 123 South Broad Street | Chicago, Illinois 60606 |
| Philadelphia, Pennsylvania 19109 | (312) 782-0600 |
| (215) 772-1500 | (312) 701-7711—Facsimile |
| (215) 772-7620—Facsimile | amarovitz@mayerbrown.com |
| rscheff@mmwr.com | bmiller@mayerbrown.com |
| lnelson@mmwr.com | |

*Counsel for Defendants Holland Sweetener Company V.O.F. and Holland Sweetener North*
*America, Inc. and, for purposes of this brief, on behalf of all Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Britt M. Miller, an attorney, hereby certify that on September 11, 2008, I caused a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF MOTIONS**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ Britt M. Miller
        Britt M. Miller
        MAYER BROWN LLP
        71 South Wacker Drive
        Chicago, Illinois  60606
        Phone:  (312) 782-0600
        Fax:  (312) 701-7711
        E-mail:  bmiller@mayerbrown.com

5221241